■ ROBERT C. PERCY, Appellant, v. MARY J. PERCY, Also Known as MARY J. BULCK, et al., Respondents.— Order entered on October 28, 1958, granting defendant's motion for summary judgment dismissing the complaint, reversed on the law and on the facts, with $20 costs and disbursements to the appellant, and defendant's motion for summary judgment is denied, with $10 costs. It is questionable whether the decree of divorce obtained in Mexico is valid (see *Heine* v. *Heine,* 10 A D 2d 864; *Alfaro* v. *Alfaro,* 5 A D 2d 770, affd. 7 N Y 2d 949), and there are in our opinion issues of fact in that connection to be resolved upon a trial. If the decree is void, the provisions of the agreement between the parties, dated December 24, 1956, would not have the effect of estopping the plaintiff from alleging its invalidity (see *Caldwell* v. *Caldwell,* 298 N. Y. 146, 151). In any event, there is a question to be resolved on the trial of whether or not, under all the circumstances, the court should entertain this action and give the plaintiff declaratory relief, that is, bearing in mind that the granting of relief by means of a declaratory judgment action is discretionary (Rules Civ. Prac., rule 212) and may be withheld in the interests of justice and equity (see *Guibord* v. *Guibord,* 2 A D 2d 34, 36). Concur — Rabin, McNally and Eager, JJ.; Botein, P. J., and Valente, J., dissent in the following memorandum by Valente, J.: I would affirm the order insofar as it dismisses the complaint but I would rest such dismissal on the ground that the court declines to pronounce a declaratory judgment because of the conduct of plaintiff following the Mexican divorce obtained by his wife. In other words, I would exercise the discretion given the courts by rule 212 of the Rules of Civil Practice to dismiss the action without passing upon the merits of the suit. Although plaintiff may have created a triable issue as to the circumstances under which he executed the power to permit a Mexican attorney to appear for him in his wife's suit for divorce in Mexico, there is no bona fide dispute about plaintiff's execution of an agreement on December 24, 1956 — after the Mexican divorce was obtained — in which plaintiff acknowledged the institution of the divorce proceeding, his appearance therein, and that the divorce had been granted.

Under that agreement, plaintiff received a substantial sum of money from defendant, Mary J. Percy. In view of these facts, plaintiff should not be permitted to invoke the aid of the court to obtain relief by way of a declaratory judgment. To exercise a favorable discretion, under the circumstances, would amount to an abuse of discretion as a matter of law. Hence the complaint was properly dismissed. Since the dismissal should be predicated on rule 212, there is no necessity for any adjudication as to the validity of the Mexican divorce or as to its effect on the marriage of the parties. The last two decretal paragraphs of the order of Special Term should therefore be eliminated.